UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
    THOMAS W. OLICK,                    :    Chapter 13
        Debtor(s)                        :
                                             :
                                             :
                                             :    Bky. No. 07-10880ELF
THOMAS W. OLICK,                         :
        Plaintiff                        :
                                             :
    v.                                       :
                                             :
JAMES KEARNEY,                           :    Adv. No. 07-052ELF
THOMAS JENKINS,                          :
THE KNIGHTS OF COLUMBUS and              :
AETNA LIFE INSURANCE CO.                 :    Adv. No. 07-060ELF
        Defendants                       :

# ORDER

AND NOW, upon consideration of the "Motion For Sanctions Against Plaintiff Pursuant to Federal Bankruptcy Rule of Procedure 7037" ("the Motion") (Docket No. 100) filed by Defendant Aetna Life Insurance Company ("Defendant Aetna") and Plaintiff's Response thereto (Docket No. 125) and for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The Motion is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff shall pay $1,000 in sanctions to Defendant Aetna either by making a direct payment to Defendant Aetna on or before September 26, 2007 or by filing an amended chapter 13 plan on or before September 26, 2007 to provide for the payment as an administrative expense pursuant to 11 U.S.C. § 1322(a)(1).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:
    THOMAS W. OLICK,  :  Chapter 13
        Debtor(s)  :
        :
        :
        :  Bky. No. 07-10880ELF
THOMAS W. OLICK,  :
    Plaintiff  :
        :
v.  :
        :
JAMES KEARNEY,  :  Adv. No. 07-052ELF
THOMAS JENKINS,  :
THE KNIGHTS OF COLUMBUS and  :
AETNA LIFE INSURANCE CO.  :  Adv. No. 07-060ELF
    Defendants  :

# MEMORANDUM

Before me is the Motion for Sanctions Against Plaintiff Pursuant to Federal Bankruptcy Rule of Procedure 7037" ("the Motion") (Docket No. 100) filed by Defendant Aetna Life Insurance Company ("Defendant Aetna") and Plaintiff's response thereto (Docket No. 125). A hearing was held on the motion on September 7, 2007. For the reasons expressed more fully below, it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

On July 18, 2007, I entered an order which incorporated by reference certain orders compelling discovery entered in Olick v. Kearney et al., Case Nos. 06-cv-01531 and 07-cv-00121 (E.D. Pa) ("the District Court Litigation"). (Docket No. 83). Pursuant to the July 18, 2007 Order, the parties were required to file any motions to compel or motions for sanctions asserting noncompliance with the July 18, 2007 Order on or before August 17, 200 and any response

1

thereto on or before August 31, 2007. Defendant Aetna filed the Motion on August 17, 2007 and Plaintiff filed a timely response on August 24, 2007. This court held a hearing on the Motion on September 6, 2007.

At issue in the Motion are the Plaintiff's responses to Defendant Aetna's 4th, 5th and 8th interrogatories from its First Set of Interrogatories. Plaintiff provided Defendant Aetna with "Supplemental Discovery Responses" dated July 24, 2007 in which he purported to provide further responses to Aetna's First Set of Interrogatories so as to comply with the December 21, 2006 discovery order entered in the District Court Litigation.[1] See Letter from T. W. Olick dated July 24, 2007, attached as Exhibit 7 to the Motion. Plaintiff attempted to supplement his July 24, 2007 responses on August 10, 2007. See Plaintiff Thomas W. Olick's Answers to Aetna's First Set of Interrogatories dated August 10, 2007, attached as Exhibit 9 to the Motion. Defendant Aetna received this second supplemental response ten (10) days after the discovery cut-off date of August 3, 2007 set by this court's order of June 26, 2007. (Docket No. 71). Plaintiff again further supplemented his responses on August 22, 2007. See Exhibit 1 attached to

---

[1] On December 21, 2006, the District Court entered an Order granting a motion to compel filed by Defendant Aetna on December 20, 2006. Footnote 6 of the December 21, 2006 Order expressly stated that it agreed with Defendant Aetna that Plaintiff's bare reference to produced documents as a response to Defendants fourth and fifth interrogatories did not comply with the requirements of Fed. R. Civ. P. 33(d), even assuming that the documents Plaintiff referred to are "business records" within the meaning of Rule 33(d). Rule 33(d) permits a party to answer an interrogatory by specifying the business records in which the answer may be found only if (1) the burden of obtaining the answers from the records is substantially the same for both parties, and (2) the "specification [is] in sufficient detail to permit the interrogating party to locate, and to identify, as readily as the party served, the records from which the answer may be ascertained." Fed. R. Civ. 33(d). The Order further said that Plaintiff's "utter failure to specify which documents contain the answers to Defendant's interrogatories makes Plaintiff's responses to these interrogatories inadequate." Directory Dividends, Inc. V. SBC Communications, Inc., No. 01-1974, 2003 WL 23208804, at *4 (E.D. Pa. Dec. 31, 2003); In re Bilzerian, 190 B.R. 964, 965 (Bankr. M.D. Fla. 1995).

2

Plaintiff's Answers in Opposition to Aetna's Motion for Sanctions. (Docket No. 125).

Defendant Aetna argues that Plaintiff disregarded the December 21, 2006 Order, and thus this court's July 18, 2007 Order, by continuing to give vague, evasive references to other documents or unidentified portions of his deposition. Defendant Aetna suggests that Plaintiff's untimely attempt to supplement his responses on August 10, 2007 employ the same evasion tactics used in his July 24, 2007 responses. Further, Aetna claims that it has been prejudiced by Plaintiff's delay, despite finally receiving arguably adequate responses on August 22, 2007. Defendant Aetna urges the court to sanction the Plaintiff pursuant to Rule 7037 by dismissing the claims against it or by imposing preclusionary relief whereby the court will enter certain findings of fact or exclude evidence relating to the information sought by the discovery request.

With respect to Defendant Aetna's 4th and 5th Interrogatories, the Motion will be **GRANTED IN PART**. The responses Plaintiff timely provided on July 24, 2007 to these interrogatories were insufficient. Plaintiff continued to refer to documents and did not list them with any specificity. Despite the fact that the Plaintiff may have arguably provided better responses on August 22, 2007, there was no excuse for Plaintiff's delay. Based on the a pattern apparent from Plaintiff's course of conduct in this litigation, I am satisfied that his ongoing failure to provide direct responses to Defendant Aetna's 4th and 5th Interrogatories warrants the imposition of a sanction under Rule 37. The Order accompanying this Memorandum sets forth the sanction I deem appropriate.[2]

---

[2] Fed. R. Bankr. P. 7037 incorporates Fed. R. Civ. P. 37 in adversary proceedings. Fed. R. Bankr. P. 7037 . If a party fails to obey an order to provide discovery, Fed. R. Civ. P. 37(b)(2) allows the trial court to "make such orders in regard to the failure as are just...." Fed. R. Civ. P. 37(b)(2). See Newman v. GHS Osteopathic, Inc., Parkview Hospital Division, 60 F.3d 153, 156 (3d Cir.1995) (stating that the imposition of sanctions for abuse of discovery is a matter within

With respect to Defendant Aetna's 8th Interrogatory, the Motion is **DENIED**.

An appropriate Order follows this Memorandum.

Date:  September 12, 2007

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

cc:   Thomas W. Olick
      4014 Crestview Avenue
      Easton, PA 18045

---

discretion of trial court).

Fed. R. Civ. P. 37(b) lists several sanctions which a court may impose for failure to comply with a discovery order such as imposing certain findings or preclusionary relief, see Fed. R. Civ. P. 37(b)(2)(A) and (B), as well striking pleadings or dismissing the action. Fed. R. Civ. P. 37(b)(2)(C). Fed. R. Civ. P. 37(b) concludes with the following provision:

> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Although I have found the Plaintiff's conduct unacceptable, I am mindful that the sanctions requested by Defendant Aetna are to be applied only in the most extreme circumstances so as to preserve the right to one's day in court. E.g., Ali v. Sims, 788 F.2d 954, 958 (1986) (there is a "strong presumption against sanctions that decide the issues of a case"). The court will therefore enter a monetary sanction in lieu of preclusionary relief or dismissal.

4