**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
|     THOMAS W. OLICK, | : | Chapter 13 |
|         Debtor(s) | : | |
| | : | |
| | : | |
| | : | Bky. No. 07-10880ELF |
| THOMAS W. OLICK, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES KEARNEY, | : | Adv. No. 07-052ELF |
| THOMAS JENKINS, | : | |
| THE KNIGHTS OF COLUMBUS and | : | |
| AETNA LIFE INSURANCE CO. | : | Adv. No. 07-060ELF |
|     Defendants | : | |

# O R D E R

**AND NOW WHEREAS,** on October 19, 2007, Plaintiff Thomas W. Olick ("the Plaintiff") having filed a motion titled "Motion to Accept His Supplemental Exhibit To His Answer and Brief In Opposition To Defendants Kearney's, Jenkins' and KOFC's Motion For Summary Judgment" ("the Motion")[1], see Docket Entry No. 159;

**AND**, by Order dated November 5, 2007, the court having denied the Motion on the grounds, inter alia, that the proposed submission consisted of legal argument and unverified factual material from a different lawsuit filed in response to a motion filed under a different rule

---

[1] The name "KOFC" refers to Defendant Knights of Columbus.

1

of civil procedure[2] and that the filing of the proposed submission would add an unreasonable level of redundancy and complexity to the resolution of the Defendants' Motion for Summary Judgment in this adversary proceeding; see Docket Entry No. 180;

**AND**, on November 16, 2007, the Plaintiff having filed a motion entitled "Motion to Reconsider the Court's 11/5/07 Order Denying the Plaintiff's Motion to Accept His Supplemental Exhibit" ("the Reconsideration Motion"), see Docket Entry No. 198;

**AND**, the purpose of a motion for reconsideration being to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171, 106 S.Ct. 2895 (1986);

**AND**, it being an accepted legal principle that "courts should grant such motions sparingly because of their strong interest in finality of judgment." In re Kuhar, 2007 WL 2245912, *2 (Bankr. E.D. Pa. Aug. 1, 2007) (citations omitted);

**AND**, the Reconsideration Motion failing to present: (a) arguments not previously considered by the court; (b) any persuasive argument that the court previously committed a manifest error of law or (c) any newly discovered evidence;[3]

---

[2] The material was filed in the other lawsuit in response to a motion filed under Fed. R. Civ. P. 12(b)(6). In this adversary proceeding, the Plaintiff is responding to a motion filed under Fed. R. Civ. P. 56.

[3] In the Reconsideration Motion, the Plaintiff stated that he intended to file a separate Memorandum of Law in support of thereof "under separate cover." No such Memorandum has been filed.

It is hereby **ORDERED** that the Reconsideration Motion is **DENIED.**

Date:  **November 27, 2007**

                                    **ERIC L. FRANK**
                                    **U.S. BANKRUPTCY JUDGE**

cc:    Thomas W. Olick
        4014 Crestview Avenue
        Easton, PA 18045