**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
|     THOMAS W. OLICK, | : | Chapter 13 |
|         Debtor(s) | : | |
| | : | |
| | : | |
| | : | Bky. No. 07-10880ELF |
| THOMAS W. OLICK, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES KEARNEY, | : | Adv. No. 07-052ELF |
| THOMAS JENKINS, | : | |
| THE KNIGHTS OF COLUMBUS and | : | |
| AETNA LIFE INSURANCE CO. | : | Adv. No. 07-060ELF |
|     Defendants | : | |

# O R D E R

**AND NOW**, Plaintiff Thomas W. Olick ("the Plaintiff") having filed complaints initiating the above adversary proceedings;

**AND**, the adversary proceedings having been consolidated for trial under Adv. No. 07-060 (Docket Entry No. 63);

**AND**, the Plaintiff having asserted a number of different claims against the Defendants, see Order dated March 17, 2008 (Docket Entry No. 242) & accompanying oral bench opinion (Docket Entry No. 241);

**AND**, all but two (2) of the Plaintiff's claims having been settled or dismissed on summary judgment prior to trial;[1]

---

[1] For a relatively comprehensive summary of the procedural history of this proceeding, see In re Olick, 2008 WL 3837759, at *2-4 (Bankr. E.D. Pa. Aug. 12, 2008); see also In re Olick, 398 B.R.

1

**AND**, trial of this adversary proceeding having been concluded on December 22, 2008;

**AND**, post-trial memoranda having been submitted, with the final submission having been filed on May 4, 2009 (Docket Entry No. 375);

**AND**, the court presently holding under advisement the two (2) remaining claims;

*   *   *   *

**AND**, the Plaintiff having filed a Notice of Appeal docketed on May 14, 2009 ("the Notice of Appeal") (Docket Entry No. 378);

**AND**, the Notice of Appeal stating that the Plaintiff was appealing this court's orders of:

    3/17/08 (Docket Entry No. 242);

    5/21/08 (Docket Entry No. 270);

    6/3/08 (Docket Entry No. 287);

    10/2/08 (Docket Entry No. 344); and

    12/22/08 (Docket Entry No. 364);

**AND**, it being unclear to what order the Plaintiff seeks to appeal in referencing "the Court's Order[] of 12/22/08," in the Notice of Appeal, as the docket does not reflect the entry of any order dated or docketed on that date;[2]

---

532 (Bankr. E.D. Pa. 2008) (denying reconsideration of pretrial Order dismissing of one of the Plaintiff's claims).

    [2]    The only docket entry on 12/22/08 states:

> "12/22/2008 ................ 364 ........... Trial Hearing Held and concluded. Matter taken under advisement. (related document(s), 363 , 347 ). (D., Stacey) (Entered: 12/23/2008)."

**AND**, all of the other Orders referenced in the Notice of Appeal being pretrial Orders dismissing or otherwise related to the process that culminated in the dismissal of certain claims raised by the Plaintiff in the complaints;

*   *   *   *

**AND**, subject to exceptions not applicable here, the district court only having subject matter jurisdiction to hear appeals of final judgments, orders and decrees of the bankruptcy court, see 28 U.S.C. §158(a);

**AND**, the general rule being that an order that terminates fewer than all claims, or claims against fewer than all parties, does not constitute a "final" order for purposes of appeal; see, e.g., Berckeley Inv. Group, Ltd. v. Colkitt, 259 F.3d 135, 140 (3d Cir. 2001) (stating principle in connection with 28 U.S.C. §1291(a)); see also Hill v. City of Scranton, 411 F.3d 118, 124 (3d Cir. 2005) (absent entry of a final judgment under Fed. R. Civ. P. 54(b), court of appeals lacks subject matter jurisdiction under 28 U.S.C. §1291(a) over appeal from trial court order that does not dispose of all the claims against all the parties); 15A  Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Jurisdiction and Related Matters §§3914.6, 3914.7 (West 2009);

**AND**, at no time this court having directed the entry of a "final judgment" within the meaning of Fed. R. Civ. P. 54(b) with respect to any of the claims that were dismissed prior to trial;[3]

---

[3]     Fed. R. Civ. P. 54, incorporated by reference in this proceeding by Fed. R. Bankr. P.7054, provides:

**AND**, because the orders referenced in the Notice of Appeal are not final orders, there appearing to be no legal basis for the Plaintiff to invoke the appellate jurisdiction of the district court;

\* \* \* \*

**AND**, the Plaintiff having filed a Motion for Leave to Appeal In Forma Pauperis ("the IFP Motion") in connection with the Notice of Appeal on May 15, 2009 (Docket Entry No. 380);

**AND**, the court having held an hearing on the IFP Motion on May 27, 2009, at which time the Plaintiff offered evidence regarding his indigency and argument in support of the IFP Motion;

**AND**, one of the requirements which must be met before the court may grant a motion seeking leave to proceed on appeal in forma pauperis is that the appeal be filed in good faith, see Coppedge v. United States, 369 U.S. 438, 444 (1962); In re Smith, 1989 WL 4028, at \*3 (Bankr. E.D. Pa. 1989);

**AND**, the court concluding that the Notice of Appeal was not filed in good faith due to the obvious the lack of appellate jurisdiction, see In re Smith, at \*3 (frivolous appeal is not in

---

When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

good faith);[4]

**AND**, therefore, the court concluding that the IFP Motion should be denied, see, e.g., Tate v. Frank, 2008 WL 410654 (E.D. Wis. Feb. 12, 2008); Salerno v. Michigan, 2007 WL 1594868 (W.D. Mich. June 1, 2007);

It is hereby **ORDERED** that

1. The IFP Motion is **DENIED.**

2. On or before **June 12, 2009**, the Plaintiff shall pay the filing fee for the Notice of Appeal filed on May 14, 2009.

**Date:   May 28, 2009**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

cc:  Thomas W. Olick
     4014 Crestview Avenue
     Easton, PA 18045

---

[4]  The Plaintiff's stated motivation for filing the appeal also contributes to my conclusion that the appeal was not filed in good faith. At the hearing on the IFP Motion, the Plaintiff explained that he was aware that he could appeal the pretrial dismissal of claims after the disposition of the two (2) remaining claims that went to trial and that presently are under advisement. However, he stated that throughout this proceeding he has not promptly received the mailed copies of court orders. Accordingly, he expressed a concern that he might not receive the order determining the remaining claims in this proceeding, thereby creating a risk that he will miss his opportunity to file a timely appeal – or at least that his time frame for filing a timely appeal will be significantly reduced, thereby causing him undue anxiety and expense.

The justification offered by the Plaintiff for filing this appeal of interlocutory orders is deficient. First, I do not credit the Plaintiff's statement that he does not promptly receive copies of court orders. Not only has the Clerk served him with a copy of every Order entered in this proceeding, but, in addition, my chambers regularly mails the Plaintiff separate copies of every Order entered, no later than the day after the date of the Order. Second, his explanation is an admission that he is aware that the appeal is premature and that he is simply placing his own convenience ahead of the rules of finality that have been established by Congress (through 28 U.S.C. §158(a)) and the Supreme Court (through Rule 54(b)).